IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGIE A. SHEPARD ) | |
| ) | |
| v. ) | No. 3:05-0423 |
| ) | Judge Nixon/Brown |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security ) | |

To:  The Honorable John T. Nixon, Senior Judge

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

This is a civil action filed pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits (DIB), as provided under Title II of the Social Security Act, as amended.  Currently pending are plaintiff's motion for judgment on the pleadings (Docket Entry No. 10) and defendant's motion for entry of judgment reversing and remanding the cause (Docket Entry No. 14).  While plaintiff alleges in her memorandum that the agency errors justify an award of benefits, she did not file a response to the Commissioner's motion for remand with instructions to further develop the record.  Nonetheless, the Magistrate Judge has considered the arguments supporting plaintiff's motion for judgment, and for the reasons stated below, recommends that plaintiff's motion be **DENIED**, that defendant's motion be **GRANTED**, and that the

1

Commissioner's decision be **REVERSED** and the cause **REMANDED** for further proceedings consistent with this report.

## II.  DISCUSSION

Defendant, in her motion for remand, concedes this litigation to plaintiff, admitting that the decision of the Administrative Law Judge ("ALJ") is invalid and indefensible as written.  In her supporting memorandum (Docket Entry No. 15), defendant states that she "believes that remand is appropriate in order to reevaluate (1) the medical evidence, and (2) claimant's subjective complaints; (3) obtain additional vocational expert testimony, if necessary, and (4) afford the plaintiff a new hearing, and issue a new decision."  As mentioned above, plaintiff has not responded to these statements, but had previously argued that the ALJ's errors justified an award of benefits, and only requested remand for further proceedings and a new decision as an alternative remedy.

In Faucher v. Secretary H.H.S., 17 F.3d 171 (6th Cir. 1994), the Sixth Circuit Court of Appeals addressed the issue of ". . . what a district court should do once a determination is made that an ALJ erroneously applied the regulations and the [Commissioner]'s denial of benefits therefore must be reversed", concluding that a remand for further fact-finding is appropriate unless ". . . all essential factual issues have been resolved and

2

the record adequately establishes a plaintiff's entitlement to benefits." Id. at 173, 176. Moreover, the Faucher court stated that

> [W]hen the [Commissioner] misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. ... A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.

Id. at 175-176 (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

Here, defendant's motion for remand is properly made under the fourth sentence of 42 U.S.C. § 405(g), which states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." While the parties agree that reversal of the Commissioner's decision is warranted here, plaintiff's entitlement to benefits is not so clearly established as to warrant a judicial award of benefits in lieu of the requested remand. Rather, it appears that unresolved factual issues remain, specifically with regard to the credibility of plaintiff's subjective complaints and the extent to which she is able to perform her past relevant work.

It is noteworthy at the outset that the Appeals

3

Council, after a delay of more than two years in responding to plaintiff's counsel's request for a copy of the hearing tape, apparently ruled on plaintiff's request for review without considering the brief which counsel timely filed after finally receiving the hearing tape. The undersigned trusts that upon remand the agency will consider all of plaintiff's arguments, and proceed with much greater dispatch in rendering a final decision.

Concerning plaintiff's past relevant work as a bookkeeper, she argues that she is unable to meet the demands of that job as she previously performed it with a residual functional capacity ("RFC") for sedentary work, based on her initial report to the agency that the job required standing or walking for three hours (Tr. 65). It is noteworthy, however, that she agreed in her testimony before the ALJ that this job involved "basically desk work" (Tr. 341). In any event, an inability to perform this particular past job is unavailing if the proof shows that she could in fact meet the demands of the job as it is generally performed in the economy. Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). If on remand the ALJ should again determine that plaintiff remains capable of performing sedentary work, it appears that vocational expert testimony would be needed to clarify both the exertional and skill-demand components of the former bookkeeper job, and to explain the demands of the job as

4

generally performed.

Concerning plaintiff's subjective complaints of pain and the weight given the opinions of treating and other examining sources by the ALJ in arriving at his determination of plaintiff's RFC, it is clear that the government's desire to reevaluate these issues is warranted on this record. In particular, the dismissal of plaintiff's alleged symptoms and her treating physician's opinion based on a lack of objective medical evidence substantiating her chronic pain syndrome--along with what has been posited by a specialist to be "severe fibromyalgia" with "severe muscle spasm and [perhaps] a component of neuropathic pain as well" (Tr. 220)--is ill founded considering the fact that such syndromes do not manifest on objective studies. Green v. Prudential Ins. Co. of America, 383 F.Supp.2d 980, 993-94 (M.D. Tenn. 2005)(Nixon, J.); Swain v. Comm'r of Soc. Sec., 297 F.Supp.2d 986, 993 (N.D. Ohio 2003). Such syndromes may clearly produce disabling symptoms despite the lack of objective confirmation. Preston v. Sec'y of Health & Humans Servs., 854 F.2d 815, 818 (6th Cir. 1988). While the ALJ rightly noted that plaintiff was able to work despite her symptoms until March 1999, there is evidence that these symptoms were exacerbated by an incident on March 6, 2000, which produced a diagnoses of costochondritis (inflammation of rib cartilage) and seems to have spawned the most severe pain complaints recorded in

5

the medical evidence (Tr. 219, 240, 282, 319, 347-48).

While the record contains significant evidence of plaintiff's complaints and her physicians' treatment of a disabling level of pain since at least March 6, 2000, this evidence is not without contradiction, <u>e.g.</u>, plaintiff's apparent ability to travel overseas and some few reports on examination by an orthopedist that plaintiff was "healthy appearing and in no distress" (Tr. 308-09, 311-12). Accordingly, the undersigned concludes that the case must be remanded to the Commissioner for further factfinding in accordance with the Commissioner's memorandum (Docket Entry No. 15), after affording plaintiff a new hearing upon an updated medical record.

### III. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the pleadings be **DENIED**, that defendant's motion for entry of judgment be **GRANTED**, and that the Commissioner's decision be **REVERSED** and the cause **REMANDED** for further proceedings consistent with this report.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in

6

which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 2d day of November, 2005.

       <u>/s/ Joe B. Brown</u>
       JOE B. BROWN
       United States Magistrate Judge